CURTIS HARRIS CREMER AND EVA CREMER WILSON,

*Appellants*

(Defendants below)

vs.

JAMES E. SLOVER AND THOMAS A. SLOVER,

*Appellees*

(Plaintiffs below)

(No. 2842; November 6, 1958; 330 Pac. (2d) 1082)

For the appellants the cause was submitted upon the brief of Corthell and King of Laramie, Wyoming, and oral argument by John A. King.

For the appellees the cause was submitted upon the brief of Pence and Millett of Laramie, Wyoming, and oral argument by Alfred M. Pence.

Heard before Blume, C. J., and Harnsberger, J., and Harkins, D. J.

## OPINION

District Judge HARKINS delivered the opinion of the court.

This case is before us to construe the opinion of this court in the case of Slover v. Harris, Wyo., 314 P.2d 953, decided September 10, 1957. It is unfortunate that counsel for the defendants in this case did not file a petition for a rehearing in the case so as to have clarified the matters which they raise at the present time in this case. In the foregoing case of Slover v. Harris, supra, this court gave the Slovers an option additional to that theretofore granted. The mandate in the case was sent down on October 12, 1957. On October 15, 1957, the Slovers filed in the District Court of Albany County, Wyoming, a statement electing to avail themselves of the additional option granted by this court in said matter as follows:

"(1) To take and receive Ten Thousand ($10,000.00) Dollars in cash and a life estate in such property of the estate as becomes subject to distribution, as devised and bequeathed to them under the terms and provisions of the testator's will.

"(2) To take judgment in their favor and against the estate in the amount of One Hundred Twenty-Seven Thousand Two Hundred Ninety-Four and 80/100 ($127,294.80) Dollars less the sum of $10,000.00, the cost and expenses of administration, including all amounts paid in satisfaction of taxes and specific bequests of money, with the understanding that the judgment shall not become a lien against the real estate of the estate, but shall be paid and satisfied from the personal estate of the deceased.

"(3) To have partial satisfaction of the judgment in kind by applying the livestock, machinery and equipment of the estate, including the livestock brands,

household furniture, fixtures and appliances, and all other personal property of the estate at the appraised values heretofore established and returned in the inventory and appraisement of the estate."

The Slovers accordingly prayed that orders and judgments be rendered in the District Court in conformity with the mandate of the Supreme Court.

On November 1, 1957, the defendants in this case, namely, Curtis Harris Cremer and Eva Cremer Wilson, filed an objection to the election of the option on the part of the Slovers reading as follows:

"Come now CURTIS HARRIS CREMER and EVA CREMER WILSON, defendants in the above entitled action, and hereby object to the 'Election of Option' filed on the 15th day of October, 1957, by plaintiffs herein, on the grounds and for the reason that the said plaintiffs do not in the said 'Election of Option' elect one of the three options granted them by the Supreme Court of the State of Wyoming under the opinion and Mandate of the said Supreme Court in the above entitled action, and on the grounds and for the reason that said 'Election of Option' purporting to be an election of the additional option granted by the Supreme Court of the State of Wyoming fails to comply with the terms and provisions of the said additional option as granted in the opinion and mandate of the said Supreme Court in the above entitled action."

On December 27, 1957, the District Court of Albany County entered a judgment overruling the objections filed by Curtis Harris Cremer and Eva Cremer Wilson and entered a judgment granting the Slovers the right to elect substantially as they prayed in the election by them heretofore set out. From that order Curtis Harris Cremer and Eva Cremer Wilson have appealed to this court and allege here the following facts:

1. Defendants, appellants herein, contend in the first place that under the terms of the option they have chosen the plaintiffs, appellees herein, cannot take a life estate in the real estate belonging to the Harris estate. The specific provision in relation to that in our former opinion, Slover v. Harris, supra, at 314 P.2d 965, is as follows:

"The plaintiffs shall, under this option, be entitled to take and receive the $10,000 and the life estate in such property of the estate which becomes subject to distribution as the same is *bequeathed* to them under the terms and provisions of the testator's will." (Emphasis supplied.)

Counsel lay stress that the term "bequeath" is ordinarily used only in connection with personal property and not in connection with real estate. But while that is true usually, it is not at all conclusive but may include the term "devise" as well. In 5 Words and Phrases, Perm. Ed., "Bequeath", p. 365, it is stated:

"The term 'bequeath' is the proper term to be used in a will to denote a gift of personal property, but when the context shows that it is used by the testator in a different sense, it will be construed to include real estate, and to be synonymous with the term 'devise' * * *".

Numerous cases are cited. The same rule should apply in our construction of the word "bequeath" as used in our former opinion.

We think it is perfectly clear that under the terms of our former opinion it was intended that the plaintiffs Slover should have a life estate in the real estate belonging to the estate. The plaintiffs Slover were given "the life estate in such property of the estate which becomes subject to distribution." We take it that the real estate in this case is subject to distribu-

tion and would, accordingly, clearly include the real estate and the term "bequeath" mentioned subsequently is not at all determinative. It is quite clear that the plaintiffs Slover were given under our former decision more than simply the judgment for $127,000 and more than merely a life estate granted by the will and the trial court. The court feared at that time that if the judgment of $127,000 were enforced it might take all of the property of the estate, including personal property as well as real estate. It was the thought of the court that the remaindermen, meaning defendants in this case, should have something if possible so that the terms of the will of the testator might be carried out, at least to some extent. The thought was that the testator's will could be kept intact insofar as the remainder might be left to the remaindermen after the expiration of the life estate by granting the additional option which we granted to the plaintiffs Slover in the aforesaid case. It was not the intention to give the plaintiffs Slover less than was given them under the judgment of $127,000 or under the alternative option given by the trial court, but to give them the full benefit, if possible, under the judgment of $127,000 and at the same time preserve something for the remaindermen after the deaths of the Slovers. The contention of the defendants in this case must be overruled.

2. The former opinion herein stated that the judgment should only be satisfied out of the personal estate of the deceased and, at 314 P.2d 965, 966, "it being permitted to pay and satisfy such judgment in kind by applying the livestock, machinery, and equipment of the estate at the appraised values as heretofore returned in the matter of the administration of the estate." Counsel for defendants in this case state:

"Who has the election becomes a matter of importance where an item of personalty worth, say, $5,000.00 at

the time of appraisal of the personal property of the estate has appreciated to a present value of $10,000.00. It is our view that this court intended that the Estate have the right to sell such item for $10,000.00 and apply the proceeds on the judgment. Further, it is our view that this court intended that the Estate have the right to apply an item of personal property appraised at $10,000.00, but now worth only $5,000.00 to the judgment—*at the appraised value."*

Of course, this contention is not fair and is not, we think, worthy of consideration. The intention of the opinion was that the judgment creditor might elect to take satisfaction of the money portion of the judgment in kind, by taking personal property of the estate at its appraised value. Of course, in all fairness, in such case, complete satisfaction of the money judgment should be taken in kind at the appraised value. As heretofore shown, that is what the Slovers expect to do and we are informed that the executors of the Harris estate concur.

The order of the court herein overruling the objection of the defendants and appellants in this case is affirmed, and the election made by the Slovers as heretofore shown is declared to be proper. If it is deemed advisable that the court make any further order to conform to this opinion, it may do so.

Affirmed.